IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEJAN ANTHONY SEBASTIAN,

                Plaintiff,

    v.

OREGON STATE HOSPITAL and MYKEL,

                Defendants.

Case No. 6:25-cv-00742-SI

ORDER TO DISMISS

SIMON, District Judge.

On May 5, 2025, Plaintiff filed this 42 U.S.C. § 1983 civil rights action against the Oregon State Hospital and another Defendant whom he identified only as "Mykel." The Oregon Attorney General waived service on behalf of the Oregon State Hospital, but was unable to do so as to Defendant Mykel because the Attorney General was unable to ascertain that individual's identity. As a result, on September 2, 2025, the Court advised Plaintiff that if Plaintiff filed a notice in which he more accurately identified Defendant Mykel, the Court would once again ask the Attorney General to waive service. However, Plaintiff has not identified Defendant Mykel with any more particularity, thus Defendant Mykel is dismissed for lack of service. *See* Fed. R. Civ. P. 4(m) (requiring service be accomplished within 90 days of the filing of a complaint).

1 - ORDER TO DISMISS

Due to the dismissal of Defendant Mykel, this case is proceeding only as to the Oregon State Hospital, and the Hospital now moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. The Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and any attached exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

In this case, Plaintiff alleges that the Oregon State Hospital was deliberately indifferent to his serious medical needs in violation of his Eighth and Fourteenth Amendment rights, and he seeks money damages and as well as any other relief the Court relief the Court finds to be just and proper. Complaint (#1), pp. 4-5. The Hospital argues that it is entitled to immunity from this lawsuit based upon the Eleventh Amendment which states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any

2 - ORDER TO DISMISS

Foreign State." U.S. Const. Amend. XI. The Amendment has been construed to bar suits by citizens against their own states or other states. *Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001); *Papasan v. Allain*, 478 U.S. 265, 276, (1986); *Eason v. Clark County School District*, 303 F.3d 1137, 1140 (9th Cir. 2002). As a result, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

Although the State of Oregon has consented to be sued in Oregon's state courts by way of the Oregon Tort Claims Act, the State has not consented to be sued in federal court. *Webber v. First Student, Inc.*, 928 F.Supp. 2d 1244, 1269 (D. Or. 2013). The State therefore enjoys the protections of the Eleventh Amendment, and the same immunity is also applicable to the State's agencies including ODOC. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144 (1993) (extending Eleventh Amendment protection to state agencies). Only where a litigant sues a state official acting in his official capacity, and only where the litigant seeks prospective injunctive relief, will Eleventh Amendment immunity not apply. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

In this case, Plaintiff brings this suit for money damages against the Oregon State Hospital. Such a suit is clearly barred by the Eleventh Amendment. Even if the Court could construe the Complaint as requesting prospective injunctive relief of some sort, Plaintiff is not suing a state actor in his official capacity. Instead, he is suing a state agency and "[i]t is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High*

3 - ORDER TO DISMISS

*School*, 343 F.3d 1036, 1040 (9th Cir. 2003). Plaintiff therefore fails to state a claim against the Oregon State Hospital. Because the Oregon State Hospital is the sole remaining Defendant, the Complaint is dismissed for failure to state a claim.

In his Response (#13) to the Motion to Dismiss (#10), Plaintiff asks for another opportunity to bring this case against appropriate defendants. That request is granted. The Oregon State Hospital is dismissed with prejudice but, if Plaintiff wishes to proceed with this case, he must file an amended complaint within 30 days in which he: (1) cures the deficiencies with his prior Complaint; (2) names all Defendants in its caption; (3) describes how each named Defendant personally participated in the Eighth Amendment deprivation at issue in this case; (4) does not incorporate any other document by reference; and (5) is on the form provided by the Court. Plaintiff is advised that he must bring this suit against individuals who, acting under color of state law, deprived him of his Eighth Amendment rights at the Oregon State Hospital. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## CONCLUSION

Defendant Mykel is dismissed for lack of service, Defendant Oregon State Hospital's Motion to Dismiss (#10) is granted, and Plaintiff's Complaint (#1) is dismissed for failure to state a claim upon which relief can be granted. Defendant Oregon State Hospital is dismissed with prejudice. Should Plaintiff wish to continue with this case, he must file an amended complaint within 30 days that complies with the requirements of this Order. Should he fail to do so, the Court will dismiss this case.

///

///

4 - ORDER TO DISMISS

The Clerk of Court is directed to send Plaintiff a prisoner civil rights form for his use.

IT IS SO ORDERED.


__March 10, 2026__
        DATE

_____
        Michael H. Simon
        United States District Judge

5 - ORDER TO DISMISS